# Baltimore & O. S. W. R. R. Co. v. Jane Driskell, Adm'x, etc.

1. PERSONAL INJURIES—*No Recovery Where the Deceased is Guilty of a Reckless Exposure to Danger.*—Where a person voluntarily leaves a place of safety and attempts to extricate his horse and buggy from a place of danger upon a railroad crossing and is run over and killed by a passing engine, he is guilty of such a reckless exposure of himself to injury as to preclude a recovery by his personal representatives.

**Trespass on the Case.**—Death from alleged negligence. Appeal from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1901. Reversed. Opinion filed February 19, 1902.

SHUTT & GRAHAM, attorneys for appellant; EDWARD BARTON, of counsel.

MATHER & SNIGG, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by appellee against appellant for causing the death of Henry Driskell by wrongful act, neglect or default. The negligence charged against appellant in the declaration is, in effect, that on certain streets in the city of Springfield where appellant's railroad and another railroad crossed, appellant had caused, suffered or permitted piles of dirt to be accumulated from the street crossings, so that the same obstructed the streets and became dangerous to persons driving upon them, in consequence of which the intestate, being in the exercise of due care, while driving, ran upon one of the dirt piles and overturned his buggy and was thrown out upon the crossing, and thereupon while in the use of due care and caution for his own safety, in trying to extricate his horse and buggy from the crossing and railroad tracks, was run over and killed by a passing engine of the other railroad. A trial by jury having ended in a verdict against appellant by which the damages were assessed at $1,500, the court, after having overruled appellant's motion for a new trial, gave its judgment against

it upon the verdict, to reverse which this appeal is brought and various errors urged upon our notice to effect such reversal, among which are that the court admitted improper evidence, refused to direct a verdict at the instance of appellant, gave improper instructions, and the verdict is against the law and the evidence of the case.

The only negligence charged or proved against appellant is in suffering or permitting dirt scraped from the crossing, to accumulate and remain upon the crossing, thereby forming an obstruction to the highway. The piles of dirt, of which there were two, were upon the side of the street, between which vehicles could easily pass, if the heaps of dirt were noticed by the driver. There can be little or no justification or excuse for the accumulation of these muck heaps in the street, and in this respect there is little doubt that both appellant and the city authorities were negligent, and should be held responsible for all injuries to persons or property of which the heaps were the proximate cause. The deceased, together with a female companion, had been driving in the country on the evening in question, and when returning to the city near midnight, he ran upon and over one of the heaps of earth and upset the buggy in which they were riding, turning both occupants out, but they extricated themselves with little or no injury and gained a position of safety upon an adjacent sidewalk, leaving the horse and buggy upon the crossing near the dirt heap, and from there it went upon the railroad tracks. At this time an engine upon the other railroad was discovered by the deceased and his companion, approaching the horse and buggy, whereupon Driskell displayed an intention to go to the rescue of the horse and buggy, while at the same time the woman, as she testified, used all her strength until she injured herself, to prevent the deceased from going to the horse and buggy upon the track; she says she clung to him, held to him and tried to keep him from going back, but he got away from her, caught the bridle bit, standing on the middle of the track between the rails, when the train coming from the north struck the buggy, horse and all, and killed Driskell.

It is contended in support of the verdict that it was the right and duty of the deceased to make such effort to save his property from impending danger, as he reasonably could consistent with the exercise of due care and caution for his own safety, and this we think may be conceded to be elementary law; but the question here is one of fact; whether the deceased, in his effort to save the property, did use ordinary care, or whether his conduct on that occasion, under the circumstances disclosed by the undisputed evidence, was a mere reckless exposure of himself to injury. (Shear. & Red. on Neg., 85.) If the mind of the deceased had been confused by the negligence of the appellant and he had been upon the impulse of the moment required to choose between several methods to extricate himself from apparent danger, his acts, although they might have ordinarily been considered reckless, would be viewed with toleration, and held consistent with ordinary care under such circumstances; but such are not the facts established by the evidence. He was in a safe position had he remained where he was; his person was in no way menaced. His companion did everything in her power to warn him, and to prevent him from exposing himself to danger, all of which he disregarded. It must be supposed he, as an ordinary person, saw and heard the approaching engine, without his attention having been called to the danger attending the great hazard he was about to assume. All reasonable and fair minds, we think, must agree that the deceased, being warned both by his companion and surrounding conditions, of the great risk in attempting a rescue of the property, in doing so must have voluntarily and recklessly assumed the hazard, and for which there is no right of action.

In the view we have already expressed, the remaining questions argued need no consideration. The judgment of the Circuit Court will be reversed.

**Findings of fact** to be recited in the final order of this court :

And the court finds from the evidence in the case that

appellant is not guilty of the negligence charged in the declaration whereby the said Henry Driskell was killed. And the court finds that the said Henry Driskell came to his death of his own voluntary recklessness in exposing himself in front of an engine upon the track of another railroad without the fault of appellant.